UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| COSTCO WHOLESALE CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, a foreign insurer authorized by the Washington insurance commissioner,<br><br>Defendant. | Case No.<br><br>**DEFENDANT NATIONAL FIRE INSURANCE COMPANY OF HARTFORD'S NOTICE OF REMOVAL** |

Defendant National Fire Insurance Company of Hartford ("National Fire"), under 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes the above-captioned case[1] from the Superior Court of the State of Washington for King County to the United States District Court for the Western District of Washington. In support of this Notice of Removal, National Fire respectfully states the following:

---

[1] On March 11, 2025, in the matter of *Costco Wholesale Corporation v. National Fire Insurance Company of Hartford*, Plaintiff Costco Wholesale Corporation ("Costco" or "Plaintiff") served National Fire with the summons and complaint via the Washington state Office of the Insurance Commissioner ("OIC"). However, Costco has yet to file the summons and complaint in King County Superior Court. Consequently, a case number has yet to be issued.

DEFENDANT NATIONAL FIRE INSURANCE
COMPANY OF HARTFORD'S NOTICE OF REMOVAL
Case No. _____

SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101
Tel.: 206.447.6461

1

**I.      National Fire's Notice of Removal is Timely**

1.      On information and belief, on March 11, 2025, on behalf of National Fire, the State of Washington Office of the Insurance Commissioner ("OIC") accepted service of  Plaintiff Costco's Summons and a Complaint for (1) Damages and Declaratory Relief, (2) Breach of Contract, (3) Violations of the Insurance Fair Conduct Act, and (4) insurance bad faith (the "Complaint" or "the State Court Action").

2.      On information and belief, on March 12, 2025, OIC issued a Certificate to National Fire memorializing that OIC had accepted service on behalf of National Fire on March 11, 2025.

3.      On April 8, 2025, counsel for National Fire performed a search of King County Superior Court's KC Script Portal[2] for the case styled *Costco Wholesale Corporation v. National Fire Insurance Company of Hartford*. This search did not reveal any such filings related to this case. While the State Court Action has yet to be filed in King County Superior Court, in Washington, "service of a summons and complaint commences a civil action in state court and vests the state court with jurisdiction over the matter, thus making it removable." *Alderson v. Delta Air Lines, Inc.*, No. C18-1374JLR, 2018 WL 5240811, at *2 (W.D. Wash. Oct. 22, 2018). The Complaint alleges that King County Superior Court has subject matter jurisdiction over the State Court Action, and personal jurisdiction over the parties. It further alleges venue is proper in King County Superior Court.

4.      National Fire's Notice of Removal is timely under 28 U.S.C. § 1446, as fewer than 30 days have passed since National Fire received from OIC the Certificate, Summons, Complaint, and Order Setting Civil Case Schedule. *See* 28 U.S.C. § 1446, and *Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126 (9th Cir. 2019).

**II.      This Court Has Subject Matter Jurisdiction under 28 U.S.C. § 1332**

**A.      There is Complete Diversity of Citizenship**

---

[2] The KC Script Portal is King County Superior Court's online portal in which users can view and order court records, and obtain current dockets.

DEFENDANT NATIONAL FIRE INSURANCE COMPANY OF HARTFORD'S NOTICE OF REMOVAL
Case No. _____

SELMAN LEICHENGER EDSON HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101
Tel.: 206.447.6461

2

5.      National Fire is incorporated in Illinois, and its principal place of business is in Illinois. National Fire is a citizen of Illinois.

6.      Costco Wholesale Corporation is incorporated in Washington, and its principal place of business is in Washington. Costco is a citizen of Washington.

7.      Because Costco and National Fire are citizens of different states, there is complete diversity of citizenship as required by 28 U.S.C. § 1332.

**B.      The Amount in Controversy Requirement is Satisfied**

8.      In the Complaint, Costco does not "set forth the dollar amount prayed for." As contemplated by LCR 101(a), National Fire has a good faith belief that Costco is seeking damages from National Fire in an amount greater than the minimum jurisdictional amount of this Court, which is $75,000, exclusive of interest and costs.

9.      Costco alleges on August 6, 2004, it entered into a Costco Wholesale Basic Vendor Agreement United States ("Vendor Agreement") with Wireless Advocates. Complaint ¶ 7. Costco also alleges the Vendor Agreement required Wireless to make Costco an additional insured under Wireless' contractually required general liability insurance. *Id*. ¶ 8.

10.     Costco alleges that at Wireless' request, National Fire issued a commercial general liability policy to named insured Wireless, effective between June 1, 2020, through June 1, 2021 ("Policy"). *Id*. ¶¶ 10. Costco further alleges that in accordance with the Vendor Agreement, National Fire named Costco as an additional insured "vendor" under the Policy at Wireless' request. *Id*. ¶¶ 11, 12.

11.     On March 16, 2022, Cheryl Marks filed a complaint against Costco in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (Case No. 502002CA2678XXXXMBAE) (the "Marks Suit"). *Id*. ¶ 14.

12.     The Marks Suit sought to recover damages for bodily injury allegedly sustained by Ms. Marks when she slipped and fell while being escorted out of Costco's Palm Beach, Florida warehouse by a Wireless representative who was assisting Ms. Marks with her purchase of a

DEFENDANT NATIONAL FIRE INSURANCE
COMPANY OF HARTFORD'S NOTICE OF REMOVAL
Case No. _____

SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101
Tel.: 206.447.6461

3

mobile phone at a Wireless kiosk in that warehouse. *Id.*

13.     Costco's Complaint in this suit alleges the Policy was in effect at the time of Ms. Mark's alleged injury. Complaint ¶ 15. Costco thus claims that "[t]he allegations of the Marks Suit triggered [National Fire's] coverage obligations to Costco under the Policy, including…providing Costco with a fully-funded defense and funding up to the amount of the stated policy limits of a reasonable settlement reached or adverse judgment entered in that suit." *Id.* ¶ 15.

14.     Costco alleges that it tendered the Marks Suit to National Fire under the Policy, demanding that it satisfy its coverage obligations to Costco in that suit, but that National Fire repeatedly refused to satisfy its coverage obligations to Costco. *Id.* ¶¶ 16, 17.

15.     Costco alleges National Fire's failure to provide coverage to Costco for the Marks Suit was wrongful, based on an inadequate coverage investigation, and an unreasonable, unfounded and frivolous interpretation of the Policy. *Id.* ¶ 19.

16.     Accordingly, Costco alleges it has been damaged and will continue to suffer damage due to National Fire's wrongful refusal to provide coverage for the Marks Suit, including defense costs and payment of a reasonable settlement or adverse judgment. *Id.* ¶ 20. The Complaint provides other examples of damages, including already incurred attorney fees and costs defending the Marks Suit, and costs incurred in pursuing coverage under the Policy. *Id.*

17.     Costco alleges it mailed an Insurance Fair Conduct Act ("IFCA") claim notice to the Washington State Office of Insurance Commissioner more than 20 days before filing and serving this lawsuit. *Id.* ¶ 21.

18.     Costco asserts the following causes of action against National Fire in its Complaint: (1) declaratory judgment; (2) breach of contract; (3) IFCA violations; and (4) insurance bad faith. *Id.* ¶¶ 22–41.

19.     Under the first cause of action for declaratory judgment, Costco alleges it is entitled to a judicial determination of its rights under the Policy as it concerns the Marks Suit. *Id.* ¶ 24. a. This includes a declaration that National Fire is obligated to provide a complete defense to Costco

DEFENDANT NATIONAL FIRE INSURANCE
COMPANY OF HARTFORD'S NOTICE OF REMOVAL
Case No. _____

SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101
Tel.: 206.447.6461

4

in the Marks Suit, including payment of all attorney's fees, costs, expert witnesses and other legal expenses incurred by Costco in that suit. *Id.*

20.    In the Marks Suit, Costco filed notices of scheduling medical examinations with a spine surgeon and an orthopedic surgeon.

21.    In the Complaint, Costco alleges that National Fire is estopped from denying full coverage for the Marks Suit, because National Fire committed bad faith by not providing full coverage for the Marks Suit. Complaint ¶ 39, 40.

22.    The Complaint's Prayer for Relief requests the following relief:

1.    A declaration that [National Fire] has a duty to defend Costco against the Marks Suit;

2.    A declaration that [National Fire] has a duty to pay any reasonable settlement reached by or judgment incurred against Costco in the Marks Suit;

3.    A declaration that [National Fire] breached the Policy by denying having any coverage obligations to Costco with respect to the Marks Suit;

4.    A judgment against [National Fire] for Costco's actual damages in the amount to be established at hearing or trial;

5.    A judgment against [National Fire] awarding Costco treble damages pursuant to IFCA;

6.    A judgment against [National Fire] for Costco's costs and attorney fees to the full extent allowed by law (for example, pursuant to Washington's *Olympic Steamship* doctrine and IFCA), in the amount to be established at hearing or trial;

7.    A judgment against [National Fire] for pre-judgment and post-judgment interest on the above amounts, to the full extent allowed by law;

8.    Permission to amend the pleadings to add additional claims verified during discovery and litigation, or claims that conform to the proof offered at the time of hearing or trial; and

DEFENDANT NATIONAL FIRE INSURANCE
COMPANY OF HARTFORD'S NOTICE OF REMOVAL
Case No. _____

SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101
Tel.: 206.447.6461

9. Such other relief as appears to this Court to be just and equitable.

23. In the Marks Suit, in response to Costco's Requests for Admission (RFA), Ms. Marks admitted she is claiming damages in excess of $75,000, exclusive of interest, costs, and attorney's fees. Marks Suit RFA Responses ¶ 1.

24. Based on the allegations in the Complaint, National Fire has a good faith belief that Plaintiff is seeking damages from National Fire in excess of $75,000, exclusive of interests and costs:

    i. Plaintiff alleges the Policy provides coverage for a fully-funded defense and funding up to the amount of the stated policy limits of a reasonable settlement reached or adverse judgment entered in the Marks Suit. Complaint ¶ 15. In the Marks Suit, in response to Costco's RFAs, Ms. Marks admitted she is claiming damages in excess of $75,000, exclusive of interest, costs, and attorney's fees. Marks Suit RFA Responses ¶ 1. In the Complaint, Plaintiff alleges that National Fire is estopped from denying full coverage for the Marks Suit, because National Fire committed bad faith by not providing full coverage for the Marks Suit. Complaint ¶¶ 39, 40. Also in that suit, Costco filed notices of scheduling medical examinations with a spine surgeon and an orthopedic surgeon, suggesting her injuries were serious.

    ii. Plaintiff alleges IFCA violations by National Fire, and requests judgment against National Fire for attorney's fees, treble damages, and "damages from [National Fire] for all amounts properly owned [sic] under the Policy," including the full cost of defense of the Marks Suit and funding up to the policy limits of the Policy for a reasonable settlement or adverse judgment entered in the suit. *Id*. at ¶ 36. IFCA is codified under RCW 48.30. RCW 48.30. Under RCW 48.30.015, the court may increase the total award of damages to an amount not to exceed three times the actual damages upon a finding that an insurer has acted unreasonably in denying a claim for coverage or payment of benefits. RCW 48.30.015. Attorney's fees and treble damages are included in the amount in

DEFENDANT NATIONAL FIRE INSURANCE
COMPANY OF HARTFORD'S NOTICE OF REMOVAL
Case No. _____

SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101
Tel.: 206.447.6461

6

controversy." *Fritsch v. Swift Transp. Co.*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."); *Segar v. Allstate Fire & Cas. Ins. Co.*, No. C21-1526JLR, 2022 WL 102035, at *4 (W.D. Wash. Jan. 11, 2022) ("Where plaintiffs explicitly request treble damages under the IFCA and CPA in the complaint . . . courts apply the treble damages request to calculate the amount in controversy.").

iii.    Based on the totality of these allegations, as contemplated by LCR 101(a), National Fire has "a good faith belief that Plaintiff is seeking damages in excess of the jurisdictional amount of this court notwithstanding the fact that the prayer of the complaint does not specify the dollar damages being sought."

**C.    This Action is Removable to this Court (Venue)**

26.    Because this civil action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, the United States District Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and this matter is removable under 28 U.S.C. § 1441 and 28 U.S.C. § 1446. Moreover, this Court is the United States District Court for the district and division encompassing the state court where the State Court Action is pending. Therefore, this Court is the proper venue to which the State Court Action should be removed.

**III.    Filings and Notice**

27.    As required by LCR 101(b), attached to this Notice of Removal as a separate attachment in the electronic filing system is a copy of the operative pleading, labeled "**Exhibit 1– Complaint**," including the OIC certificate thereto. Also attached is a copy of Ms. Marks' responses to Costco's RFA is attached, labeled **"Exhibit 2–Marks' Responses to RFAs."**

28.    At the time of filing of this Notice of Removal, there were no documents to file in accordance with LCR 101(c) and 28 U.S.C. § 1446(a) as Costco has yet to file its Complaint in

DEFENDANT NATIONAL FIRE INSURANCE
COMPANY OF HARTFORD'S NOTICE OF REMOVAL
Case No. _____

SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101
Tel.: 206.447.6461

7

the State Court Action.

29.     As required by LCR 101(b), the subjoined Certificate of Service lists all counsel and any *pro se* parties that have appeared in the action with their respective contact information.

30.     As required by 28 U.S.C. § 1446(d), National Fire will give written notice of the removal to all adverse parties. However, a copy of the notice will not be filed with the clerk of the state court as Costco has yet to file the Complaint in King County Superior Court.

WHEREFORE, Defendant National Fire prays that the action described in this Notice of Removal, which National Fire has been served with, be removed to the United States District Court for the Western District of Washington.

DATED:  April 10, 2025.

**SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP**

By:     *s/ H. Matthew Munson*
        H. MATTHEW MUNSON, WSBA #32019

By:     *s/ Daehyun Kim*
        DAEHYUN KIM, WSBA #54955
        600 University Street, Suite 2305
        Seattle, WA 98101
        Tel.:    206.447.6461
        Email:  mmunson@selmanlaw.com
                dkim@selmanlaw.com

*Attorneys for Defendant National Fire
Insurance Company of Hartford*

DEFENDANT NATIONAL FIRE INSURANCE
COMPANY OF HARTFORD'S NOTICE OF REMOVAL
Case No. _____

SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101
Tel.: 206.447.6461

8

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I electronically filed the foregoing **DEFENDANT NATIONAL FIRE INSURANCE COMPANY OF HARTFORD'S NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system, and served a true and correct copy of the following documents upon the parties listed below in the manner indicated:

- Defendant National Fire Insurance Company of Hartford's Notice of Removal filed in the United States District Court for the Western District of Washington at Seattle

- **Exhibit 1:** Complaint, and the OIC certificate issued thereto, to be filed in King County Superior Court (Case No. unavailable pending Plaintiff's files the Complaint)

- **Exhibit 2:** Cheryl Marks' responses to Costco Wholesale Corporation's Requests for Admission.

- Civil Cover Sheet filed in the United States District Court for the Western District of Washington at Seattle.

| | |
|---|---|
| Bradley Hoff, WSBA #23974<br>Jennifer Oswald, WSBA #43253<br>**BUCHALTER**<br>1420 Fifth Avenue<br>Suite 3100<br>Seattle, WA 98101-1337<br>Email:   bhoff@buchalter.com<br>          joswald@buchalter.com<br><br>*Attorneys for Plaintiff* | ☐  Electronic Service via CM/ECF<br>☒  E-Mail<br>☒  First Class U.S. Mail |

DATED this 10th day of April, 2025.

*Mia Tenorino*

Mia Tenorino
Legal Secretary
mtenorino@selmanlaw.com

DEFENDANT NATIONAL FIRE INSURANCE
COMPANY OF HARTFORD'S NOTICE OF REMOVAL
Case No. _____

SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101
Tel.: 206.447.6461