# Exhibit 1



COMMISSIONER

PO Box 40255
Olympia, WA 98504-0255



FIRST CLASS

9589 0710 5270 1164 8396 18

NATIONAL FIRE INSURANCE COMPANY OF HARTFORD
STATHY DARCY SR VP
LAW DEPT 151 N FRANKLIN ST
CHICAGO IL 60606



**PATTY KUDERER**
STATE INSURANCE COMMISSIONER

**STATE OF WASHINGTON**



**OFFICE OF**
**INSurance COMMISSIONER**

Phone: 360-725-7000
www.insurance.wa.gov

Certificate number **28171** is being issued to certify that the Insurance Commissioner of the State of Washington (OIC) has **ACCEPTED** service of process in the matter below.

| | |
|---|---|
| Date Service of Process Accepted: | 03/11/2025 |
| Certificate Issued: | 03/12/2025 |
| Issued By: | Lani Pierce |
| Certificate Type: | First Attempt |
| Certified Mailing Number: | 9589071052701164839618 |
| Service Requested Upon: | NATIONAL FIRE INSURANCE COMPANY OF HARTFORD<br>STATHY DARCY SR VP<br>LAW DEPT<br>151 N FRANKLIN ST<br>CHICAGO, IL 60606 US |
| Authorized in Washington: | Yes |
| Attorney Details: | Bradley Hoff<br>BUCHALTER<br>1420 FIFTH AVE, STE 3100<br>SEATTLE, WA 98101-1337 US<br>206-319-7052<br>bhoff@buchalter.com |
| Case Number: | |
| Plaintiff: | COSTCO WHOLESALE CORPORATION, a Washington corporation, |
| Defendant: | NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, a foreign insurer authorized by the Washington insurance commissioner |
| Documents: | SUMMONS<br>COMPLAINT FOR (1) DAMAGES AND DECLARATORY RELIEF, (2) BREACH OF CONTRACT, (3) VIOLATIONS OF THE INSURANCE FAIR CONDUCT ACT, AND (4) INSURANCE BAD FAITH |
| Copies Sent To: | Bradley Hoff<br>NATIONAL FIRE INSURANCE COMPANY OF HARTFORD |

# Buchalter

1420 Fifth Avenue
Suite 3100
Seattle, WA 98101
206.319.7052 Phone

File Number: C7279-208
206.319.7046 Direct
eortiz@buchalter.com

March 6, 2025

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Office of the Insurance Commissioner
Service of Legal Process
P.O. Box 40255
Olympia, WA 98504

      Re:    *Costco Wholesale Corporation v. National Fire Insurance Company*

Dear Sir/Madam:

Enclosed for service of legal process are two sets of the following documents:

1. Complaint for Damages and Declaratory Relief, et al.;
2. Summons; and
3. Check for $10 payable to Washington Office of the Insurance Commissioner.

Should you have any questions or concerns please call my legal assistant, Elena Ortiz, at 206.319.7046. Thank you in advance for your professional courtesies.

                Sincerely,

                BUCHALTER
                A Professional Corporation

                Bradley Hoff
                Shareholder

BH:dbe

Enclosures

buchalter.com
Arizona
California
Colorado
Georgia
Illinois
Oregon
Tennessee
Utah
Washington

BN 87021257v1

# Buchalter

1420 Fifth Avenue
Suite 3100
Seattle, WA 98101
206.319.7052 Phone

File Number: C7279-208
206.319.7046 Direct
eortiz@buchalter.com

March 6, 2025

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Office of the Insurance Commissioner
Service of Legal Process
P.O. Box 40255
Olympia, WA  98504

       Re:     *Costco Wholesale Corporation v. National Fire Insurance Company*

Dear Sir/Madam:

Enclosed for service of legal process are two sets of the following documents:

1. Complaint for Damages and Declaratory Relief, et al.;
2. Summons; and
3. Check for $10 payable to Washington Office of the Insurance Commissioner.

Should you have any questions or concerns please call my legal assistant, Elena Ortiz, at 206.319.7046.  Thank you in advance for your professional courtesies.

           Sincerely,

           BUCHALTER
           A Professional Corporation

           Bradley Hoff
           Shareholder

BH:dbe

Enclosures

buchalter.com
Arizona
California
Colorado
Georgia
Illinois
Oregon
Tennessee
Utah
Washington

BN 87021257v1



Insurance Commissioner
ACCEPTED SOP
MAR 1 1 2025

SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR KING COUNTY

| | |
|---|---|
| COSTCO WHOLESALE CORPORATION, a Washington corporation, | Case No.: _____ |
| Plaintiff, | **SUMMONS** |
| v. | |
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, a foreign insurer authorized by the Washington insurance commissioner; | |
| Defendant. | |

TO THE DEFENDANT NATIONAL FIRE INSURANCE COMPANY:

A lawsuit has been started against you in the above entitled court by Plaintiff, Costco Wholesale Corporation, a Washington corporation. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within 40 days after the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the Plaintiff is entitled to what it asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment

SUMMONS - 1

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

may be entered.

You may demand that the Plaintiff file this lawsuit with the court, if it has not yet done so. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated:   March 5, 2025                    BUCHALTER


By: /s/ Bradley Hoff
    Bradley Hoff, WSBA #23974
    Jennifer Oswald, WSBA #43253
    1420 Fifth Avenue, Suite 3100
    Seattle, WA  98101-1337
    T:  206.319.7060
    E:  bhoff@buchalter.com
    E:  joswald@buchalter.com

    *Attorneys for Plaintiff*
    COSTCO WHOLESALE CORPORATION,
    a Washington corporation

SUMMONS - 2

Insurance Commissioner
ACCEPTED SOP

MAR 1 1 2025

## SUPERIOR COURT OF THE STATE OF WASHINGTON

## FOR KING COUNTY

COSTCO WHOLESALE CORPORATION, a Washington corporation,

Plaintiff,

v.

NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, a foreign insurer authorized by the Washington insurance commissioner;

Defendant.

Case No.: _____

**COMPLAINT FOR (1) DAMAGES AND DECLARATORY RELIEF, (2) BREACH OF CONTRACT, (3) VIOLATIONS OF THE INSURANCE FAIR CONDUCT ACT, AND (4) INSURANCE BAD FAITH**

Plaintiff Costco Wholesale Corporation ("Costco"), for its Complaint for Declaratory Relief and Damages, Breach of Contract, Violations of the Insurance Fair Conduct Act, and Insurance Bad Faith against defendants National Fire Insurance Company of Hartford ("NFICH") alleges:

## PARTIES

1. Plaintiff Costco is a Washington corporation qualified to do business in the State of Washington with its principal place of business in King County, Washington. Costco has paid all applicable fees and licenses, and satisfied all conditions precedent to bringing this action.

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 1

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

2. Defendant NFICH is a foreign insurer authorized by the Washington insurance commissioner that issued an insurance contract insuring an entity that resides in King County, Washington and has failed to provide coverage demanded by that entity.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to, among other things, RCW 7.24.010 and .030 because this action presents a justiciable controversy between the parties regarding NFICH's obligations to Costco under the insurance policy at issue. This is an actual and existing dispute within the meaning of Chapter 7.24 RCW, between parties with genuine and opposing interests which are direct and substantial, a judicial determination of which will be final and conclusive.

4. This Court has subject matter jurisdiction under RCW 48.30.015 pursuant to the Insurance Fair Conduct Act as NFICH has unreasonably denied coverage and payment of benefits to Costco.

5. This Court has personal jurisdiction over NFICH pursuant to, among other things, RCW 4.28.185 and RCW 48.05.200 because NFICH insured Costco which has resided in King County, Washington at all relevant times, and NFICH wrongfully failed to acknowledge and satisfy its coverage obligations to Costco for the lawsuit at issue in this action.

6. Venue for this action properly lies in this Court pursuant to, among others, RCW 48.05.220 because NFICH insured Costco which has resided in King County, Washington at all relevant times, and wrongfully denied Costco's demand for coverage for the underlying lawsuit at issue in this action. This action is properly brought in the Seattle Division under LR 82(a) because Costco resides North of Interstate 90 in King County, Washington.

## GENERAL ALLEGATIONS

7. On or about August 6, 2004, Costco entered into a written Costco Wholesale Basic Vendor Agreement United States (2004) which expressly incorporated by reference Costco's standard terms "as they may be amended in writing by Costco Wholesale from time to time"

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 2

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

(the "Vendor Agreement") with Wireless Advocates ("Wireless"). Under the Vendor Agreement, Wireless agreed to supply merchandise to Costco.

8. The Vendor Agreement required Wireless to make Costco an additional insured under Wireless' contractually required general liability insurance.

9. The Vendor Agreement expressly provides that it shall be governed by Washington law.

10. On information and belief, at Wireless's request, NFICH issued a commercial general liability policy to named insured Wireless that was in effect from at least June 1, 2020 through June 1, 2021 (the "Policy").

11. On information and belief, pursuant to the Vendor Agreement, Wireless requested that NFICH name Costco as an additional insured "vendor" under the Policy.

12. On information and belief, NFICH did in fact make Costco an additional insured under the Policy.

13. On information and belief, the Policy covers claims seeking damages because of bodily injury or property damage caused by an occurrence during the policy period, and requires NFICH to defend Costco against any suit seeking such damages.

14. On March 16, 2022, Cheryl Marks ("Marks") filed a complaint against Costco in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (Case No. 502002CA2678XXXXMBAE) (the "Marks Suit"). The Marks Suit sought to recover damages for bodily injury allegedly sustained by Marks when she slipped and fell while being escorted out of Costco's Palm Beach, Florida warehouse by a Wireless representative who had been assisting Marks with her purchase of a mobile phone at a Wireless kiosk in that warehouse.

15. The Policy was in effect at the time of the injury alleged in the Marks Suit. The allegations of the Marks Suit triggered NFICH's coverage obligations to Costco under the Policy, including but not limited to providing Costco with a fully-funded defense and funding

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

up to the amount of stated policy limits of a reasonable settlement reached or adverse judgment entered in that suit.

16. Costco tendered the Marks Suit to NFICH under the Policy, and demanded that NFICH acknowledge and satisfy its coverage obligations to Costco in the Marks Suit.

17. Since receiving Costco's coverage tender of the Marks Suit, NFICH has repeatedly refused to satisfy its coverage obligations to Costco for that suit.

18. NFICH did not seek a judicial determination that it had no coverage obligations to Costco in the Marks Suit.

19. NFICH's failure to provide coverage to Costco for the Marks Suit was wrongful and based upon an inadequate coverage investigation and an unreasonable, unfounded, and frivolous interpretation of the Policy.

20. Costco has been damaged and will continue to suffer damage as a result of NFICH's wrongful refusal to provide coverage to Costco for the Marks Suit, including defending and paying a reasonable settlement or adverse judgment in that suit. For example, Costco has already incurred attorney fees and costs defending against that suit, and in pursuing the coverage to which Costco is entitled from NFICH under the Policy (including without limitation the cost of bringing and ultimately litigating this action to obtain the full benefit of the Policy under which Costco is insured).

21. Costco mailed its Insurance Fair Conduct Act ("IFCA") claim notification to the Office of the Insurance Commissioner more than 20 days prior to filing and serving this lawsuit.

**FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT**

22. Costco incorporates herein by reference so much of the other portions of the Complaint as is not inconsistent with this first cause of action.

23. An actual and justiciable controversy has arisen and now exists between Costco and NFICH concerning Costco's rights and NFICH's obligations under the Policy. Specifically, Costco contends that NFICH has a duty to defend against and pay a reasonable settlement

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 4

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

reached or adverse judgment entered in the Marks Suit. Despite Costco's demand that it do so, NFICH has failed to acknowledge and satisfy any of those duties.

24.   Costco is entitled to a judicial determination of its rights and NFICH's obligations under the Policy with respect to the Marks Suit, and specifically that:

a.   NFICH is obligated to provide a complete defense to Costco in the Marks Suit, including paying for all attorney fees, costs, expert witnesses fees and other legal expenses incurred by Costco from the commencement through the conclusion of that suit;

b.   NFICH is obligated to fund any reasonable settlement of the Marks Suit that Costco is able to negotiate and pay or any judgment entered against Costco in that suit; and

c.   NFICH has breached and will continue to breach the Policy by refusing to acknowledge or satisfy its coverage obligations to Costco with respect to the Marks Suit.

25.   A determination by this Court of the parties' respective rights, duties and liabilities under the Policy is necessary and proper at this time.

## SECOND CAUSE OF ACTION: BREACH OF CONTRACT

26.   Costco incorporates herein by reference so much of the other portions of the Complaint as is not inconsistent with this second cause of action.

27.   Costco has duly performed each and every condition of the Policy on its part to be performed.

28.   NFICH has breached its contractual duties to Costco.

29.   As a direct and proximate result of NFICH's breach of its contractual duties, Costco incurred and will continue to incur substantial damages according to proof at trial, including but not limited to attorney fees, costs and expert fees incurred and to be incurred in

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 5

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052

defending against the Marks Suit. Furthermore, Costco has incurred and continues to incur fees and costs to obtain the full benefits to which it is entitled under the Policy.

### THIRD CAUSE OF ACTION: VIOLATIONS OF THE INSURANCE FAIR CONDUCT ACT

30. Costco incorporates herein by reference so much of the other portions of the Complaint as is not inconsistent with this third cause of action.

31. Under IFCA, NFICH owed a duty not to unreasonably deny coverage or payment of benefits to an insured.

32. NFICH has unreasonably denied coverage and payment of benefits to Costco as set forth above.

33. By unreasonably failing to pay all covered loss and damage sustained by Policyholder, NFICH committed bad faith and violated IFCA, including but not limited to under RCW 48.30.010, RCW 48.30.015, and WAC 284-30-330, et seq.

34. Costco sent NFICH and the Washington Office of the Insurance Commissioner a notice pursuant to IFCA more than 20 days prior to filing and serving this lawsuit.

35. NFICH has not cured the violations set forth in that notice.

36. Costco has sustained damages as a direct and proximate result of NFICH's bad faith. As a result, Costco is entitled to recover damages from NFICH for all amounts properly owned under the Policy (equal to the full cost of a fully funding the defense of the Marks Suit and funding up to the amount of stated policy limits of a reasonable settlement reached or adverse judgment entered in that suit), treble damages, and attorney fees and expenses to the full extent allowed by the law.

### FOURTH CAUSE OF ACTION: INSURANCE BAD FAITH

37. Costco incorporates herein by reference so much of the other portions of the Complaint as is not inconsistent with this fourth cause of action.

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 6

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

38. Under applicable Washington decisional, statutory, and regulatory law, NFICH owed a duty to act in good faith toward Costco, including, but not limited to, not prioritizing its own interests over the Costco's interest.

39. NFICH failed to act in good faith and violated applicable claims handling laws by not providing full coverage for the damage to the Property. NFICH's violations and refusal to provide full coverage were unreasonable, frivolous and unfounded and thus constitute bad faith under applicable insurance law.

40. NFICH is accordingly estopped from refusing to provide the full coverage for the Marks Suit.

41. Costco has sustained damages as a direct and proximate result of NFICH's bad faith. As a result, Costco is entitled to recover damages from NFICH for all amounts properly owed under the Policy (equal to the full cost of a fully funding the defense of the Marks Suit and funding up to the amount of stated policy limits of a reasonable settlement reached or adverse judgment entered in that suit), and attorney fees and expenses to the full extent allowed by the law.

## **PRAYER FOR RELIEF**

Plaintiff Costco requests the following relief from this Court:

1. A declaration that NFICH has a duty to defend Costco against the Marks Suit;

2. A declaration that NFICH has a duty to pay any reasonable settlement reached by or judgment incurred against Costco in the Marks Suit;

3. A declaration that NFICH breached the Policy by denying having any coverage obligations to Costco with respect to the Marks Suit;

4. A judgment against NFICH for Costco's actual damages in the amount to be established at hearing or trial;

5. A judgment against NFICH awarding Costco treble damages pursuant to IFCA;

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 7

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052

6.    A judgment against NFICH for Costco's costs and attorney fees to the full extent allowed by law (for example, pursuant to Washington's *Olympic Steamship* doctrine and IFCA), in the amount to be established at hearing or trial;

7.    A judgment against NFICH for pre-judgment and post-judgment interest on the above amounts, to the full extent allowed by law;

8.    Permission to amend the pleadings to add additional claims verified during discovery and litigation, or claims that conform to the proof offered at the time of hearing or trial; and

9.    Such other relief as appears to this Court to be just and equitable.

Dated:   March 5, 2025                    BUCHALTER

By: /s/ *Bradley Hoff*
    Bradley Hoff, WSBA #23974
    Jennifer Oswald, WSBA #43253
    1420 Fifth Avenue, Suite 3100
    Seattle, WA  98101-1337
    T:  206.319.7060
    E:  bhoff@buchalter.com
    E: joswald@buchalter.com

    *Attorneys for Plaintiff*
    COSTCO WHOLESALE CORPORATION,
    a Washington corporation

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 8

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052